UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**CHRISTOPHER LOWE**, on behalf of himself and all others similarly situated,

                Plaintiff,

v.

**NBT BANK, N.A.,**

                Defendant.

Case No. 3:19-CV-1400 (MAD/ML)

**JOINT 26(f) REPORT**

COMES NOW, Plaintiff Christopher Lowe, individually and on behalf of all others similarly situated and Defendant NBT Bank, N.A. ("NBT" or "Defendant") (collectively referred to herein as the "Parties") and, pursuant to Federal Rule of Civil Procedure 26(f), respectfully submit the following Joint Report of the Parties' and Proposed Scheduling Order.

### A. DISCOVERY PLAN

1. **Initial Disclosures**. The Parties agree that, pursuant to this Court's Text Order dated January 24, 2020, the parties shall exchange the information required by Rule 26(a)(1)(A) on April 22, 2020.

    a  **Discovery Needed**. The parties jointly propose the following points with respect to discovery: The parties disagree on the scope of discovery:

        i.    The Plaintiff expects that discovery may be needed on the following issues in this matter: the allegations in the Complaint; any issues related to class certification; Defendant's agreements with its customers; Defendant's disclosures to its customers; Defendant's policies regarding the assessment of Overdraft Fees and/or Insufficient Funds Fees; Defendant's communications to/from its customers regarding Overdraft

      Fees and/or Insufficient Funds Fees; the amount, and break down, of fees Defendant has collected in Overdraft Fees, as well as Defendant's systems, manuals, guidelines, and processes in collecting those fees; the amount, and break down, of fees Defendant has collected in Insufficient Funds Fees, as well as Defendant's systems, manuals, guidelines, and processes in collecting those fees; documents regarding Defendant's decision to charge an Overdraft Fee or Insufficient Funds Fee, including documents regarding setting the amount of that fee; and any documents or information Defendant contends permit it to process and charge Overdraft Fees and/or Insufficient Funds Fees in the manner it has done so.

ii. Defendant expects that discovery will be required for "Phase I" on the following issues: the allegations set forth in the Complaint and the defenses set forth in the Answer related to the Plaintiff only, including any contracts between Plaintiff and Defendant, the Defendant's policies and procedures for assessing Overdraft Fees and/or Non-Sufficient Fund Fees, any disclosures made to Plaintiff and/or communications made between Defendant and Plaintiff regarding the same, any Overdraft Fees and/or Non-Sufficient Fund Fees charged against Plaintiff's account(s) that fit within the definition of APPSN Transaction, as that term is defined in the Complaint, or reflect multiple Non-Sufficient Fund and/or Overdraft Fees for the same item, and any documents reflecting Defendant's decision to charge the Plaintiff an Overdraft Fee and/or Non-Sufficient Fund Fee. Defendant expects that additional discovery

    will be required on the items set forth above with respect to the class members if, and only if, a class is certified on any of the class definitions set forth in the Complaint, which is hereinafter referred to as "Phase II" discovery.

 b. The parties disagree as to whether discovery should be bifurcated:

   i. The Plaintiff contends that fact discovery shall not be conducted in phases, but expert discovery should be phased as set forth below. In addition, the Plaintiff has proposed a comprehensive case management schedule, and anticipates serving discovery requests that will further set forth the scope of the documents and information sought in discovery.

   ii. The Defendant has contested the Plaintiff's standing as a class representative, and contends that discovery should be limited to the Plaintiff's claims and that class discovery should be stayed until the Plaintiff has established standing to pursue this class action. Particularly, Defendant contends that Plaintiff's Complaint will be dismissed on summary judgment, which motion will be made at the conclusion of discovery with respect to Plaintiff's claims, as the evidence will prove, at a minimum, that the Plaintiff has not suffered any damage as a result of the complained of conduct. If Plaintiff's claims are not dismissed on summary judgment, Defendant may request targeted discovery on certain issues bearing on class certification. Defendant intends to seek a protective order to protect the disclosure of the identities of and contact information for putative class members prior to class certification, as such information is not necessary or relevant at the pre-certification stage. The

     Defendant has proposed a comprehensive case management schedule, as set forth below.

 c. The Defendant contends that paper discovery should be completed prior to the conduct of any depositions.

 d. The parties disagree on whether the restrictions contained in Fed. R. Civ. P 33(a)(1) should apply:

  i. The Plaintiff believes that, due to the nature of the case, the parties should not be limited by the restrictions set forth in Fed. R. Civ. P 33 (a)(1) with respect to the number of Interrogatories that a party may serve on any other party.

  ii. Defendant asserts that the parties should be limited by the restrictions set forth in Fed. R. Civ. P. 33(a)(1) with respect to the number of Interrogatories that a party may serve on any other party. In the event a class is certified, the Defendant asserts that the Plaintiff should still be limited by the restrictions set forth in Fed. R. Civ. P 33(a)(1), except that Plaintiff shall be permitted to exceed the limitations of Fed. R. Civ. P 33(a)(1) with respect to subparts identifying specific class members only.

 e. The parties reserve the right to request changes in the limitations of discovery if issues with these limitations arise during the course of discovery.

2. **Protection of Information.** The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

  a. The Plaintiff asks that the Court include the following agreement in the scheduling order:

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

  b. The Defendant requests that the Court include the following agreement in the scheduling order:

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection, or containing personally identifiable information, is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. To the extent that such document is being recalled based upon an asserted privilege, the producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

3. **Case Management Schedule.** The parties have been unable to agree on a case management schedule.

  a. The Plaintiff proposes the following case management schedule, which is set forth in the form of a summary table.

| Event | Due Date |
|---|---|
| Initial Disclosures | April 22, 2020 |

| | |
|---|---|
| Rule 16 Conference | April 29, 2020 |
| Regular status conferences (to be held each quarter with magistrate judge) | |
| Amendment of pleadings and joinder of parties | April 2, 2021 |
| Close of fact discovery | October 17, 2020 |
| Plaintiff's Motion for Class Certification | January 29, 2021 |
| Defendant's Memorandum in Opposition to Class Certification | 45 days after filing of the motion |
| Plaintiff's Reply Memorandum, if any | 35 days after filing of Defendant's response |
| Plaintiff's disclosure of experts and expert reports | November 1, 2020 |
| Defendant's disclosure of experts and expert reports | November 17, 2020 |
| Deadline for filing case dispositive motions | January 29, 2021 |
| The parties request a status conference about 21 days after a ruling on class certification is issued to determine how the case will proceed. Seven days in advance of the scheduled status conference, the parties will submit to the Court a proposed case management schedule through trial, including a schedule for expert reports on merits issues, expert discovery, and dispositive motions. | |

    b. <u>The Defendant proposes</u> the following case management schedule, which is set forth in the form of a summary table:

| Event | Due Date |
|---|---|
| Initial Disclosures | April 22, 2020 |
| Rule 16 Conference | April 29, 2020 at 11:00am |
| Regular status conferences (to be held each quarter with magistrate judge) | |
| Amendment of pleadings and joinder of parties | April 2, 2020 |
| Close of Phase I Discovery | November 17, 2020 |
| Plaintiff's Disclosure of Expert Report for Any Expert Plaintiff Intends to Rely Upon in Support of Class Certification | December 17, 2020 |

| | |
|---|---|
| Defendant's Disclosure of Expert Report for Any Rebuttal Expert Defendant Intends to Rely Upon in Opposition to Class Certification | 45 days after service of Plaintiff's Expert Report |
| Plaintiff's Motion for Class Certification | January 29, 2021 |
| Defendant's Motion for Summary Judgment Dismissing Plaintiff's Complaint | January 29, 2021 |
| Defendant's Opposition to Class Certification | 45 days after filing of the motion |
| Plaintiff's Opposition to Defendant's Motion for Summary Judgment | 45 days after filing of motion |
| Plaintiff's Reply to Motion for Class Certification, if any | 15 days after filing of Defendant's response |
| Defendant's Reply to Motion for Summary Judgment, if any | 15 days after filing of Plaintiff's Response |
| The parties request a status conference approximately 21 days after a ruling on class certification is issued to determine how the case will proceed. Seven days in advance of the scheduled status conference, the parties will submit to the Court a proposed case management schedule for Phase II discovery through trial, including a schedule for expert reports on merits issues, expert discovery, and dispositive motions. | |

### B. OTHER 26(F) REQUIREMENTS

1. **The likelihood of settlement**: Plaintiff is open to the possibility of class-wide settlement, including through the use of a qualified mediator. Defendant states that it cannot assess the likelihood of class settlement until a class is certified, assuming that one is certified, and believes that any mediation prior to class certification will not be useful.

2. **What changes should be made to the timing, form or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:** None.

   a. Plaintiff contends that the parties will exchange initial disclosures under Rule 26(a) within 14 days after the parties' Rule 26(f) conference.

   b. Defendant contends that Rule 26(a) disclosures will be exchanged on April 22, 2020, in accordance with this Court's Text Order dated January 24, 2020.

3. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**:

    a. Plaintiff contends that the parties need to take discovery with regard to the merits of Plaintiff's claims and the requirements of Fed. R. Civ. P. 23.

    b. Defendant contends that discovery should proceed as outlined above (*see* paragraph 2(a)(ii), *supra*).

4. **Any issues about the disclosure of discovery or electronically stored information, including the form or forms in which it should be produced:**

    a. The Plaintiff contends that the parties shall agree on a separate ESI protocol.

    b. The Defendant contends that the parties' written discovery may seek information from electronic sources of information in the possession, custody, or control of the other party. With respect to Phase I, dealing solely with the claims of the named Plaintiff, Defendant asserts that the scope of electronic discovery will be limited, and agreement on the terms of a separate ESI protocol unnecessary. In the event that the case proceeds to Phase II discovery, the parties intend to address the scope and methodology of such discovery as part of the ordinary discovery process and shall agree on a separate ESI protocol. Further, the parties are cognizant of their obligation to preserve such information during the pendency of the action.

5. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agreed on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order**: Attorney-client communications are claimed as privileged by the respective parties. It is likely this case will involve

confidential or other protected documents. To that end, the parties will work in good faith on entering into an appropriate stipulation, confidentiality agreement, or protective order and will seek the Court's approval.

6. **What changes should be made in the limitations on discovery imposed under Fed. R. Civ. P. 26(f) or by local rules, and what other limitations should be imposed**:

   a. Plaintiff: *None at this time*; however, the parties reserve the right to request changes in the limitations on discovery if issues with these limitations arise during the course of discovery.

   b. Defendant: Refers the Court to paragraph 2(b)(ii) for the limitations it seeks with respect to discovery, including bifurcation, targeted discovery and a protective order. Defendant reserves its right to request changes in the limitations on discovery if issues with these limitations arise during the course of discovery.

7. **Any other orders that the court should issue under Fed. R. Civ. P. 26(c)**:

   a. Plaintiff: None at this time.

   b. Defendant intends to seek a protective order precluding disclosure of the identities of and contact information for putative class members.

| | |
|---|---|
| Plaintiff Christopher Lowe | Defendant NBT Bank, N.A. |
| BY: | BY: |
| James J. Bilsborrow (Bar Roll #519903)<br>WEITZ & LUXENBERG, P.C.<br>700 Broadway<br>New York, New York 10003<br>Telephone: (212) 558-5500<br>jbilsborrow@weitzlux.com | Mitchell J. Katz<br>(Bar Roll No. 301057)<br>Office and Post Office Address<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202<br>Telephone: (315) 425-2700 |
| Jeffrey D. Kaliel (pro hac vice)<br>Sophia G. Gold (pro hac vice)<br>KALIEL PLLC<br>1875 Connecticut Ave. NW 10th Floor<br>Washington, D.C. 20009<br>Telephone: (202) 350-4783<br>jkaliel@kalielpllc.com<br>sgold@kalielplllc.com | *Attorneys for Defendant*<br>*NBT Bank, N.A.* |

Lynn A. Toops (pro hac vice)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-2593
ltoops@cohenandmalad.com

J. Gerard Stranch, IV (pro hac vice)
Martin F. Schubert (pro hac vice to be filed)
BRANSTETTER, STRANCH
& JENNINGS, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
martys@bsjfirm.com

Christopher D. Jennings (pro hac vice)
THE JOHNSON FIRM
610 President Clinton Avenue, Suite 300
Little Rock, Arkansas 72201
Telephone: (501) 372-1300
chris@yourattorney.com

*Counsel for Plaintiff and the Proposed Classes*