UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**CHRISTOPHER LOWE,** *on behalf of himself and all others similarly situated*; **COLIN WOOD; MARIETTA PROPERSI; B SQUEAKY CLEAN LLC; REGINA BOZIC,**

                 Plaintiffs,

  vs.                                             3:19-cv-1400 (MAD/ML)

**NBT BANK, N.A.,**

                 Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **WEITZ & LUXENBERG, P.C.**<br>700 Broadway<br>New York, New York 10003<br>Attorneys for Plaintiffs | **JAMES J. BILSBORROW, ESQ.** |
| **BRANSTETTER STRANCH & JENNINGS PLLC**<br>223 Rosa L. Parks Avenue<br>Freedom Building, Suite 200<br>Nashville, Tennessee 37203<br>Attorneys for Plaintiffs | **JAMES GERALD STRANCH, IV, ESQ.** |
| **COHEN, MALAD LAW FIRM**<br>One Indiana Square<br>Suite 1400<br>Indianapolis, Indiana 46204<br>Attorneys for Plaintiffs | **LYNN TOOPS, ESQ.** |
| **JOHNSON FIRM**<br>610 President Clinton Avenue<br>Suite 300<br>Little Rock, Arkansas 72201<br>Attorneys for Plaintiffs | **CHRISTOPHER DURAN JENNINGS, ESQ.** |
| **KALIEL GOLD PLLC**<br>1100 15th Street NW - 4th Floor<br>Washington, D.C. 20005<br>Attorneys for Plaintiffs | **JEFFREY D. KALIEL, ESQ.** |

| | |
|---|---|
| **WILENTZ GOLDMAN & SPITZER PA**<br>90 Woodbridge Center Drive, Suite 900<br>Woodbridge, New Jersey 07095<br>Attorneys for Plaintiffs | **KEVIN P. RODDY, ESQ.** |
| **KALIEL GOLD PLLC**<br>950 Gilman Street - Suite 200<br>Berkeley, California 94710<br>Attorneys for Plaintiffs | **SOPHIA GOREN GOLD, ESQ.** |
| **THE KICK LAW FIRM**<br>815 Moraga Drive<br>Los Angeles, California 90049<br>Attorneys for Plaintiffs | **TARAS KICK, ESQ.** |
| **BARCLAY DAMON LLP**<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202<br>Attorneys for Defendant | **MITCHELL J. KATZ, ESQ.**<br>**KAYLA A. ARIAS, ESQ.**<br>**TERESA M. BENNET, ESQ.** |
| **BARCLAY DAMON LLP**<br>160 Federal Street<br>Suite 1001<br>Boston, Massachusetts 02110<br>Attorneys for Defendant | **BRIAN E. WHITELEY, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

The Court, having considered Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class and all of its supporting documents, and the Settlement Agreement and Release executed on November 29, 2021 (the "Settlement Agreement"), rules as follows:

1. Defined terms in this Order shall have the same meaning given such terms in the Settlement Agreement.

2. This Court finds on a preliminary basis that the class as defined in the Settlement Agreement ("Settlement Class") meets all of the requirements for certification of a settlement

class under the Federal Rules of Civil Procedure and applicable case law. Accordingly, the Court provisionally certifies the Settlement Class, which is all current and former customers of Defendant with consumer checking accounts, who were charged a Relevant Fee during the Class Period. Relevant Fees include both APPSN Fees and Retry NSF Fees, as detailed in the Settlement Agreement. Excluded from the Settlement Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all Settlement Class members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

      3. The Court provisionally appoints Christopher Lowe, Colin Wood, Marietta Propsersi, Regina Bozic, and B Sqeaky Clean LLC as the Class Representatives of the Settlement Class.

      4. The Court appoints Epiq Class Action and Claims Solutions, Inc. as the Settlement Administrator under the terms of the Settlement Agreement. The Settlement Administrator shall administer the Notice Program and abide by the terms and conditions of the Settlement Agreement that pertain to the Settlement Administrator.

      5. For purposes of the Settlement Agreement, the Court further provisionally finds that counsel for the Settlement Class, Jeff Kaliel of Kaliel Gold PLLC, Lynn Toops of Cohen & Malad, and Taras Kick of Kick Law Firm, are qualified, experienced, and skilled attorneys capable of adequately representing the Settlement Class, and they are provisionally approved as Class Counsel.

      6. The Court provisionally, and solely for purposes of this settlement, finds that the members of the Settlement Class are so numerous that joinder of all members would be

impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members and these common issues predominate over any issues affecting only individual members of the Settlement Class, that the claims of Class Representatives are typical of the claims of the Settlement Class, that in prosecuting this action and negotiating and entering into the Settlement Agreement, the Class Representatives and their counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

7. This certification of a preliminary Settlement Class under this Order is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendant in this Action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule or common law.  Entry of this Order is without prejudice to the rights of Defendant to oppose class certification in this action should the settlement not be approved or not be implemented for any reason or to terminate the Settlement Agreement as provided in the Settlement Agreement.

8. The Court has reviewed the Settlement Agreement and finds that the settlement memorialized therein falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that the Notice should go out to the Settlement Class in the manner described in the Settlement Agreement.  The settlement appears to be reasonable in light of the risk inherent in continuing with litigation.  The Court also notes that the settlement is a non-reversionary one where no money will be returned to the Defendant.  The Court further notes that the settlement was arrived at after an arm's length

negotiation involving experienced counsel and with the assistance of a neutral mediator, Eric D. Green.

9.  The Court finds that the methods of giving notice prescribed in the Settlement Agreement meet the requirements of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and comply with the requirements of the Constitution of the United States, and all other applicable laws.

10. For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following dates and deadlines:

| Event | Deadline |
|---|---|
| Notice Program Complete (including Initial Mailed Notice and the Notice Re-Mailing Process) | Sixty Days Before Final Approval Hearing |
| Motion for Final Approval, Application for Attorneys' Fees, Expenses and Costs, and for a Service Award | Forty-Five Days Before Final Approval Hearing |
| Last Day to Opt Out | Thirty Days Before Final Approval Hearing |
| Last Day to Object | Thirty Days Before Final Approval Hearing |
| Last Day to Respond to Objections | Fifteen Days Before Final Approval Hearing |
| Final Approval Hearing | **September 29, 2022, at 12:00 p.m.** |

11. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Class as stated in the Settlement Agreement, and **MODIFIES** the process for objecting to the proposed settlement, as stated in paragraph sixty-seven (67) of the Settlement Agreement, as follows:

> 67. Any Settlement Class Member who wishes to object to the Settlement, Class Counsel's application for attorneys' fees and costs, or a Service Award for the Class Representatives, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the

Settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph. Only a Settlement Class Member may file an objection. No Settlement Class Member or other person will be heard on such matters unless they have mailed via U.S. Mail or private courier (e.g., Federal Express) a written objection (together with any briefs, papers, statements, or other materials that the Settlement Class Member or other person wishes the Court to consider) to the Clerk of the Court, Class Counsel, NBT Bank's Counsel, and the Settlement Administrator on or before the last day of the Opt-Out Period, as set forth in the Notices. Any objection must state: (a) the name of the Action; (b) the objector's full name and address; (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or the objector's counsel; (d) the number of times the objector has objected to a class action settlement in the past five years, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Class Counsel's application for attorneys' fees, costs and expenses and for a Service Award for the Class Representative; (f) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing, and (i) the objector's signature (an attorney's signature is not sufficient). The Parties must file any briefs in response to any objection on or before 15 days prior to the date of the Final Approval Hearing. Class Counsel and/or NBT Bank may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure.[1]

12. Prior to the Final Approval Hearing, (i) Class Counsel shall file with the Court and serve on all Parties an affidavit or declaration of the Settlement Administrator certifying that the Notice Program was completed and provide the name of each Settlement Class member who timely and properly requested exclusion from the Settlement Class; and (ii) Defendant NBT Bank shall file with the Court and serve on all Parties a declaration certifying that notice was provided

---

[1] The Court has struck the original paragraphs 67(f) and 67(g) in their entirety.

to the appropriate government entities in accordance with the Class Action Fairness Act of 2005. 28 U.S.C. § 1715.

13. If the settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

14. All pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement Agreement, this Preliminary Approval Order, and final approval of the Settlement Agreement and class certification.

Good cause appearing therefore, **IT IS SO ORDERED**.

Dated: April 22, 2022
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge